1
2
3
4              **UNITED STATES DISTRICT COURT**
5                     **DISTRICT OF NEVADA**
6
7    UNITED STATES OF AMERICA,                 )
                                               )
8                    Plaintiff,                )    Case No. 2:13-cr-00018-JCM-GWF
                                               )
9    vs.                                       )    **ORDER**
                                               )
10   EDITH GILLESPIE,                          )    Motion to Sever (#104)
                                               )
11                   Defendant.                )
     _____ )
12
13         This matter comes before the Court on Defendant Edith Gillespie's ("Gillespie") Motion to

14   Sever (#104), filed on May 1, 2013.  The Government filed an Opposition (#109) on May 14, 2013.

15   Gillespie filed a Reply (#111) on May 20, 2013.  The Court conducted a hearing on the Motion on

16   June 24, 2013.  *See Minutes of Proceedings, Doc. #131*.

17                          **BACKGROUND**

18         Gillespie is charged in an 18-count Indictment (#1) along with ten other co-defendants,

19   including her brother Leon Benzer ("Benzer").  The Indictment includes charges of wire fraud

20   regarding an alleged far-reaching conspiracy wherein the co-conspirators facilitated the purchase of

21   units in housing developments by straw purchasers, who were employed to elect home owner

22   association ("HOA") candidates designated by the co-conspirators.  The various HOA boards

23   would subsequently, at the direction of the co-conspirators, award legal and construction work and

24   fees to entities controlled by the co-conspirators.

25         The Government summarizes its case against Gillespie as follows: Her active participation

26   in the alleged conspiracy began in December of 2005 when she applied for two loans to purchase a

27   condominium at Chateau Versailles.  There, Gillespie joined co-conspirators Morris Mattingly,

28   Darryl Scott Nichols, Marcella Triana, Ralph Priola, Ricky Anderson, and Arnold Myers as "straw

1    owners" for the benefit of Benzer and Silver Lining Construction.  To facilitate the purchase,

2    Gillespie, in two separate loan applications, falsely represented (1) that she worked for Silver

3    Lining for over three years at a salary of $8,400.00 per month and (2) that none of the down

4    payment had been borrowed.  In reality, Gillespie did not work for Silver Lining and Benzer

5    provided the entirety of the down payment via Benzer's shell company, Blue Sky Business

6    Management.  In furtherance of the conspiracy, Gillespie actively recruited Stephanie Markham

7    and Christine and Duane Cabingas to participate.

8                                                    **DISCUSSION**

9           Federal Rule of Criminal Procedure 8(b) permits the joinder of defendants who have

10   allegedly participated in the same act or transaction or the same series of acts or transactions

11   constituting an offense or offenses.  Co-defendants jointly charged are, prima facie, to be jointly

12   tried.  *United States v. Mariscal*, 939 F.2d 884, 885 (9th Cir. 1991).  This rule "should be construed

13   broadly in favor of initial joinder."  *United States v. Ford*, 632 F.2d 1354, 1373 (9th Cir.), *cert.*

14   *denied*, 450 U.S. (1981).  Joinder of charges against multiple defendants is particularly appropriate

15   when the charges involve substantially overlapping evidence.  *United States v. Vasquez–Velasco*,

16   15 F.3d 833, 844 (9th Cir.1994).  There is a strong preference for joint trials because separate trials

17   would "impair both the efficiency and the fairness of the criminal justice system" by requiring the

18   United States to "bring separate proceedings, presenting the same evidence again and again[.]"

19   *Richardson v. Marsh*, 481 U.S. 200, 210 (1987).

20   **I.      Severance Based on Threat of Unfair Prejudice**

21          Federal Rule of Criminal Procedure 14 provides a defendant relief from joinder if he

22   satisfies the "heavy burden" of showing that prejudice would result from joinder.  *United States v.*

23   *Sitton*, 968 F.2d 947, 961 (9th Cir. 1992).  Because prejudice results from any joinder, "if only

24   'some' prejudice is all that need be shown [for severance], few, if any, multiple defendant trials

25   could be held."  *United States v. Vaccaro*, 816 F.2d 443 (9th Cir. 1987).  "Defendants are not

26   entitled to severance merely because they may have a better chance of acquittal in separate trials."

27   *Zafiro v. United States*, 506 U.S. 534, 540 (1993).  Accordingly, when defendants have been

28   properly joined under Rule 8, severance should only occur where there is a serious risk that a joint

                                                          2

1    trial would either compromise a specific constitutional right of one of the defendants or prevent the

2    jury from compartmentalizing the evidence as it relates to individual defendants.  *See id.* at 539; *see*

3    *also United States v. Escalante*, 637 F.2d 1197, 1201-02 (9th Cir. 1980).  Even where the risk of

4    prejudice seems high, such risk can often be cured by "less drastic measures, such as limiting

5    instructions[.]" *Zafiro*, 506 U.S. at 539.

6         Gillespie argues a jury may impermissibly consider evidence inapplicable as to Gillespie in

7    determining her guilt or innocense because of her association with Benzer.  In *United States v.*

8    *Kennedy*, 564 F.2d 1329 (9th Cir. 1977), the appealing defendant was likewise joined to other co-

9    defendants for a trial where much evidence inapplicable to him would be presented for other

10   charges against his co-defendants.  On appeal, the defendant argued the evidence introduced

11   "infect[ed] each defendant with the acts and transgressions of the other defendants[.]" *Id.*  In

12   affirming the district court's denial of the motion to sever, the Ninth Circuit noted that the trial

13   court "carefully and frequently advised the jury that evidence admitted solely against one defendant

14   was not by the jury to be considered in determining the guilt or innocence of any other defendant,"

15   and that the jury "was emphatically instructed that the guilt or innocence of each defendant was to

16   be judged solely on the facts admitted against that defendant without consideration as to its finding

17   as to other defendants." *Id.* at 1334.  Indeed, the Ninth Circuit regularly affirms the denial of

18   motions to sever where any potential prejudice is cured by limiting instructions.  *See, e.g., United*

19   *States v. Garcia*, 506 Fed.Appx. 593 (9th Cir. 2013) (defendant was not prejudiced by joint trial

20   where the trial judge gave clear instructions to the jury that neutralized any potential prejudice);

21   *United States v. Sumeru*, 449 Fed.Appx. 617 (9th Cir. 2011) (any risk of prejudice was cured by the

22   court's frequent use of limiting instructions before, during, and after the close of evidence); *United*

23   *States v. Stinson*, 647 F.3d 1196 (9th Cir. 2011) (because the district court used great diligence in

24   instructing the jury to separate the evidence, severance was unnecessary).

25        Here, the Indictment charges both Gillespie and Benzer (along with other co-defendants)

26   with Count 1 (Conspiracy) and Counts 2 through 15 (Wire Fraud); Benzer, but not Gillespie, is

27   charged in Counts 16 and 17 (Mail Fraud). *See Indictment, Doc. #1*.  Gillespie conclusorily states

28   that "the jury is likely to find Gillespie guilty by association." *See Motion, Doc. #104* at 4:5.

1    Rather, given the likelihood of overlapping evidence in this case, and considering that the

2    allegations include conspiracy, the Court finds that a joint trial here is well within the category of

3    those contemplated by the Ninth Circuit in *Zafiro*. *See also United States v. Cruz*, 127 F.3d 791,

4    799 (9th Cir. 1997) ("Joint trials are particularly appropriate in conspiracy cases[.]").  Gillespie also

5    asserts that her "familial relationship with Benzer creates an inference that the two were closely

6    involved in a conspiracy." *See Motion, Doc. #104* at 2:28-3:1.  The Ninth Circuit, however, has

7    previously rejected the argument that familial relationship, without more, can justify severance.  In

8    *United States v. Hernandez*, 952 F.2d 1110, 1116 (9th Cir. 1991), an appealing defendant

9    contended that "the jury likely found [the defendant] guilty simply by his familial association with"

10   the co-defendant.  The court held that "[j]udicial economy justifies reliance on the jury to follow

11   the instructions of the court that segregate the evidence and limit the applicability of the evidence to

12   each defendant." *Id.*  Likewise, the Court finds here that any potential prejudice Gillespie may face

13   by standing trial jointly with Benzer can be adequately cured by carefully crafted jury instructions.

14   **II.    Severance Based on *United States v. Vigil***

15       When the reason for severance is the asserted need for a co-defendant's testimony, the

16   defendant must show "(1) that he would call the co-defendant at a severed trial, (2) that the co-

17   defendant would in fact testify, and (3) that the testimony would be favorable to the moving party."

18   *United States v. Jenkins*, 785 F.2d 1387, 1393 (9th Cir. 1986).  With respect to the requirement

19   that the testimony be favorable, a defendant must show that the testimony would be "substantially

20   exculpatory." *See United States v. Mariscal*, 939 F.2d 884, 885–86 (9th Cir. 1991).  A showing of

21   mere benefit from the testimony is insufficient to warrant severance. *Id*.  Additionally, courts

22   should consider the weight and credibility of the proposed testimony and the judicial economy of

23   severance. *Id.* (citing *United States v. Hoelker*, 765 F.2d 1422, 1425 (9th Cir. 1985) (noting that

24   considerations of judicial economy merit "serious attention.").

25       In *United States v. Vigil*, 561 F.2d 1316, 1318 (9th Cir. 1977), the seminal case regarding

26   the exculpatory testimony of co-defendants on which Gillespie predicates her Motion, the Ninth

27   Circuit reversed the district court's denial of a motion to sever and remanded for a new trial.  In

28   *Vigil*, the defendant seeking severance filed an affidavit with his motion in which his counsel

swore "that he intended to call [the co-defendant] at trial" and that he "learned from [the co-defendant's] counsel that [the co-defendant]" would offer exculpatory evidence. *Vigil's* progeny has subsequently held that an affidavit making these showings is a requirement for a motion made pursuant to *Vigil*. *See, e.g., United States v. Vales*, 2013 WL 77785 at *6, No. 2:11–cr–00434–LDG-PAL (D. Nev. Jan. 4, 2013).

Here, Gillespie asserts that, without severance, she will be unable to call Benzer to testify at trial. Initially, Gillespie stated merely that Benzer "may" offer exculpatory testimony at a separate trial, and "reserve[d] the right" to provide the Court with a satisfactory *Vigil* affidavit. *See Motion, Doc. #104* at 4:8-14. Gillespie subsequently claimed that Benzer could testify that certain documents alleged to have been executed or signed by Gillespie were forged, and that Gillespie was not a recruiter for the conspiracy. *See Reply, Doc. #111* at 2:2-11. Gillespie also submitted an affidavit in support of her argument under *Vigil*. *See Reply, Doc. #111, Exh. 1*. Therein, however, Gillespie states only that Benzer "could" testify. *Id.* at ¶ 12. Gillespie does not represent that her counsel has communicated with Benzer's counsel, does not swear that she will in fact call Benzer at a separate trial, and has not established that Benzer will in fact testify at a separate trial. Therefore, the Court, considering both the weight and credibility of the potential testimony against the interests of judicial economy, finds that Gillespie has not made a showing sufficient to warrant severance under *Vigil*. Accordingly,

**IT IS HEREBY ORDERED** that Edith Gillespie's Motion to Sever Defendant Gillespie from being Tried with Co-defendant Benzer (#104) is **denied**.

DATED this 13th day of August, 2013.

GEORGE FOLEY, JR.
United States Magistrate Judge