UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:13-cr-00018-JCM-GWF |
| ) | |
| vs. ) | **FINDING AND** |
| ) | **RECOMMENDATION** |
| EDITH GILLESPIE, ) | |
| ) | Motion to Dismiss (#142) |
| Defendant. ) | |
| ) | |

This matter comes before the Court on Defendant Edith Gillespie's ("Gillespie") Motion to Dismiss (#142), filed on July 11, 2013. The Government filed a Response (#152) on July 26, 2013. Gillespie filed a Reply (#153) on July 28, 2013. The Government filed a Supplement (#175) to its Response (#152) on August 26, 2013. The Court conducted a hearing on the Motion (#142) on August 28, 2013. *See Minutes of Proceedings, Doc. #176*.

## DISCUSSION

The Court previously presented a factual background of this case, *see Report and Recommendation, Doc. #159* at 1:19-2:21, which is hereby incorporated. Gillespie moves the Court to dismiss the indictment due to pre-indictment delay.

Statutes of limitations are "the primary guarantee against bringing overly stale criminal charges." *United States v. Lovasco*, 431 U.S. 783, 789 (1977). The due process clause, however, has a limited role in protecting against undue delay. *Id.* To prevail on a motion to dismiss for pre-indictment delay, a defendant must show (1) that he suffered actual, non-speculative prejudice; and (2) that the length of the delay, when balanced against the reasons for the delay, offend those "fundamental conceptions of justice which lie at the base of our civil and political institutions." *United States v. Sherlock*, 962 F.2d 1349, 1353-54 (9th Cir. 1989) (citing *Levasco*, 431 U.S. at

790).

### 1. Prejudice

Meeting *Sherlock's* two-prong test is a "heavy burden," *United states v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992), because "[p]rotection from lost testimony, as well as other evidence, generally falls solely within the ambit of the statute of limitations." *United States v. Moran*, 759 F.2d 777, 782 (9th Cir. 1985). A defendant must show that the loss of evidence caused by a delay meaningfully impaired his ability to defend himself. *United States v. Pallan*, 571 F.2d 497, 500 (9th Cir. 1978). "Generalized assertions of the loss of memory, witnesses, or evidence" are insufficient to satisfy the prejudice requirement. If a defendant "fails to make a specific showing as to what a deceased witness would have said, any argument of prejudice is pure conjecture." *United States v. Corona-Verbera*, 509 F.3d 1105, 1113 (9th Cir. 2007) (internal citations omitted).

Here, Gillespie argues she suffered prejudice because information allegedly "leaked" to potential targets of the investigation underlying this case, which caused the matter to be delayed and evidence to be destroyed. Defendant points to a September 2008 search warrant, *see Doc. #142, Exh. A*, which she argues demonstrates the investigation "was mostly completed and ready for presentment to the grand jury." *Doc. #142* at 4:1-2. Gillespie also lists three deceased individuals, which she conclusorily asserts would have offered exculpatory testimony. The Court finds, however, that these assertions, without more, are "pure conjecture." *United States v. Corona-Verbera*, 509 F.3d at 1113. Indeed, one of the deceased individuals Gillespie now claims would have offered exculpatory testimony was a target of the investigation, and therefore not likely to testify at all. *See United States v. Wallace*, 848 F.2d 1464, 1470 (9th Cir. 1988). Because Gillespie does not adequately address and identify what exculpatory testimony the purported deceased witnesses would provide, she has not demonstrated adequate prejudice to constitute a potential violation of due process from pre-indictment delay. Similarly, Gillespie has not enumerated what defenses are now lost to her due to the delay in indictment.

### 2. Government Culpability

Because the Court finds that Gillespie failed to establish prejudice, the Court need not reach *Sherlock's* second prong. *Levasco*, 431 U.S. at 790. For the sake of argument, however, the Court

will examine whether the delay in this case satisfies prong (2).  Under the second prong, a defendant must show "government culpability in order to prove a deprivation of due process." *Sherlock*, 962 F.2d at 1354.  The prosecution of a defendant following investigative delay does not necessarily deprive him of due process, even if his "defense might have been somewhat prejudiced by the lapse of time." *Moran*, 759 F.2d at 782.  Furthermore, due process does not require the Government to indict as soon as probable cause exists, nor even as soon as the Government "has assembled sufficient evidence to prove guilt beyond a reasonable doubt." *Id.* at 783 (internal citations omitted).  "This is especially so in cases where a criminal transaction involved more than one person or more than one illegal act," as in this case.  *Id.* (internal citations omitted).

Assuming, for the sake of argument, that Gillespie made a sufficient showing of prejudice, she fails to satisfy prong (2).  First, Gillespie argues the Government improperly delayed the case after applying for the 2008 search warrant that, she asserts, laid out "the investigation from beginning to end." *See Doc. #142* at 2:24-3:1.  The existence of probable cause, or even more, however, does not require immediate indictment, especially where the investigation involves more than one person.  *Moran*, 759 F.2d at 782.  Next, Gillespie asserts, without providing any factual support, that "leaks" from the U.S. Attorney's Office for the District of Nevada caused a delay that violated Gillespie's due process.  The Government responds that after the recusal, the Department of Justice replacements did not start "from scratch" as Gillespie alleges, but rather continued to move the investigation forward after a brief period of transition.  The Government represents that the new prosecutors subpoenaed numerous documents and arranged the entry of 27 co-conspirators' guilty pleas, all of which took considerable time.  The Court therefore finds that Gillespie fails to establish the length of the delay, when balanced against the reasons for the delay, offends "fundamental conceptions of justice[.]" *Sherlock*, 962 F.2d at 1353-54.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant Gillespie's Motion to Dismiss (#142) be **denied**.

**IT IS FURTHER RECOMMENDED** that Gillespie's Motion to Dismiss (#141) be **denied** as duplicative.

**NOTICE**

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. Appeals may been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). Failure to file objections within the specified time or failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 30th day of October, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge