1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8

| UNITED STATES OF AMERICA, | 2:13-cr-00018-JCM-GWF |

9

Plaintiff(s),

10

v.

11

LEON BENZER, et al.

12

Defendant(s).

13

14

**ORDER**

15       Presently before the court is the report and recommendation of Magistrate Judge Foley (doc.

16  # 202) regarding defendant Edith Gillespie's ("defendant") motion to dismiss (doc. # 142).

17  Defendant filed objections (doc. # 223) to which the government responded (doc. # 227).

18  **I.      Background**

19       **A.      Facts**

20       Defendant is charged in an eighteen-count indictment along with ten other co-defendants,

21  including her brother Leon Benzer. The indictment includes charges of wire fraud regarding an

22  alleged conspiracy in which the co-conspirators facilitated the purchase of housing units by straw

23  purchasers who were employed to elect designated home owner association ("HOA") candidates.

24  The various HOA boards would subsequently, at the direction of the co-conspirators, award legal

25  and construction work and fees to entities controlled by the co-conspirators.

26       The government summarizes its case against defendant as follows: Her active participation

27  in the alleged conspiracy began in December 2005 when she applied for two loans to purchase a

28

**James C. Mahan**
**U.S. District Judge**

1    condominium at Chateau Versailles. There, defendant joined co-conspirators Morris Mattingly,

2    Darryl Scott Nichols, Marcella Triana, Ralph Priola, Ricky Anderson, and Arnold Myers as "straw

3    owners" for the benefit of Benzer and Silver Lining Construction.

4         To facilitate the purchase, defendant, in two separate loan applications, falsely represented

5    (1) that she worked for Silver Lining for over three years at a salary of $8,400.00 per month and (2)

6    that none of the down payment had been borrowed. In reality, defendant did not work for Silver

7    Lining and Benzer provided the entirety of the down payment. In furtherance of the conspiracy,

8    defendant actively recruited Stephanie Markham and Christine and Duane Cabingas to participate,

9    for which the taped conversations indicate she received $2,000.00.

10        The government's investigation into the conspiracy began on November 19, 2007, but

11   defendant was not indicted until January 15, 2013. Nearly three years into the investigation, the

12   United States Attorney's Office for the District of Nevada was removed from the case and attorneys

13   from the Department of Justice in Washington, D.C. took over. Defendant alleges that the transfer

14   of this case delayed her indictment and denied her due process. Accordingly, defendant argues that

15   the indictment should be dismissed.

16        **B.      Report, recommendation, and objections**

17        Magistrate Judge Foley entered a report and recommendation (doc. # 202) stating that the

18   court should deny the motion to dismiss. Judge Foley found that (1) defendant did not uphold her

19   burden of pointing to specific evidence that was lost to show that the delay meaningfully impaired

20   her ability to defend herself and (2) that the length of the delay, when balanced against the reasons

21   for it, did not offend fundamental conceptions of justice.

22        Defendant's objection addresses only the latter of these findings. Defendant alleges that the

23   local United States attorney's office was removed from the case due to government misconduct, and

24   that the delay was therefore unjustified.

25   **II.     Legal standard**

26        A party may file specific written objections to the findings and recommendations of a United

27   States magistrate judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); LR IB 3–2.

28

**James C. Mahan**
**U.S. District Judge**                          - 2 -

1    Upon the filing of such objections, the district court must make a de novo determination of those

2    portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); LR IB 3–2(b). The

3    district court may accept, reject, or modify, in whole or in part, the findings or recommendations

4    made by the magistrate judge. *Id.*

5         However, the district court need not conduct a hearing to satisfy the statutory requirement

6    that the district court make a "de novo determination." *United States v. Raddatz*, 447 U.S. 667, 674

7    (1980) (observing that there is "nothing in the legislative history of the statute to support the

8    contention that the judge is required to rehear the contested testimony in order to carry out the

9    statutory command to make the required 'determination'").

10        Where a party fails to object, however, the court is not required to conduct "any review at all

11   . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

12   Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate

13   judge's report and recommendation where no objections have been filed. *See United States v.*

14   *Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the

15   district court when reviewing a report and recommendation to which no objections were made); *see*

16   *also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's

17   decision in *Reyna–Tapia* as adopting the view that district courts are not required to review "any

18   issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's

19   recommendation, then this court may accept the recommendation without review. *See, e.g.*,

20   *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation

21   to which no objection was filed).

22   **III.    Discussion**

23        Statutes of limitations are "the primary guarantee against bringing overly stale criminal

24   charges." *United States v. Lovasco*, 431 U.S. 783, 789 (1977). The due process clause, however, has

25   a limited role in protecting against undue delay. *Id.* To prevail on a motion to dismiss for pre-

26   indictment delay, a defendant must show (1) that he suffered actual, non-speculative prejudice; and

27   (2) that the length of the delay, when balanced against the reasons for the delay, offend those

28

**James C. Mahan**
**U.S. District Judge**

1   "fundamental conceptions of justice which lie at the base of our civil and political institutions."

2   *United States v. Sherlock*, 962 F.2d 1349, 1353-54 (9th Cir. 1989) (citing *Lovasco*, 431 U.S. at 790).

3        Because a non-speculative showing of prejudice is necessary to dismiss an indictment based

4   on delay, and defendant does not object to Judge Foley's findings that she failed to identify any

5   specific exculpatory evidence that was lost, defendant fails to carry her burden. Even though

6   defendant does not object to this portion of the report, the court finds it appropriate to engage in de

7   novo review to determine whether to adopt Judge Foley's finding. Upon reviewing the underlying

8   briefs, the court finds that while defendant speculates that exculpatory documentation or testimony

9   would have been available if she had been indicted earlier, she does not identify specifically what

10   this evidence would have been. Therefore, the court will adopt this portion of Judge Foley's report.

11        Due to the fact that defendant fails to show actual prejudice, the court will deny defendant's

12   motion and need not determine whether the length of the delay, balanced against its reasons, offends

13   fundamental conceptions of justice. Accordingly, the court will adopt the portions of Judge Foley's

14   report pertaining to actual prejudice, and will adopt Judge Foley's recommendation in full.

15   **IV.   Conclusion**

16        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the court hereby ADOPTS

17   section one of Magistrate Judge Foley's report (doc # 202 pp. 1-2) and ADOPTS the

18   recommendation in its entirety.

19        IT IS FURTHER ORDERED that defendant Edith Gillespie's motion to dismiss (doc. # 142)

20   is DENIED.

21        IT IS FURTHER ORDERED that defendant Edith Gillespie's motion to dismiss (doc. # 141)

22   is DENIED as duplicative.

23        DATED May 13, 2014.

24

25        _____
       **UNITED STATES DISTRICT JUDGE**

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 4 -