# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 2:13-cr-00018-JCM-GWF |
| vs. ) | **<u>SEALED ORDER</u>** |
| ) | Ex Parte Motion for Issuance of |
| EDITH GILLESPIE, ) | Subpoena Pursuant to Rule 17(b) (#300) |
| Defendants. ) | |

This matter comes before the Court on Defendant Edith Gillespie's second Ex Parte Motion Requesting Issuance of Subpoenas Pursuant to FRCP 17(b) (#300), filed on July 2, 2014.

## BACKGROUND

Defendant Gillespie was charged by way of criminal indictment with conspiracy and wire fraud. *See Dkt. #1*. The eighteen count indictment alleges that Defendant, in conspiracy with ten other co-defendants, participated in a scheme to over-throw Home Owner's Associations (HOA). *Id*. The government alleges that the HOA boards were taken over to determine what lawyer was hired to conduct construction defect litigation and to disburse funds from settlements recovered after litigation. *Id*. On June 23, 2014, Defendant Gillespie, representing she is unable to pay witness fees or the costs associated with serving, filed an ex parte motion for issuance of a subpoena. The motion was initially denied without prejudice for the Defendant's failure to show the necessity of the witness's presence for an adequate defense. *See Dkt. #298*. Defendant Gillespie filed a second Ex Parte Motion for Issuance of Subpoena on July 2, 2014. *See Dkt. #300*. The proposed subpoena is directed to Attorney General Catherine Cortez-Masto. *See Dkt. #300*. The application requests the issuance of a subpoena ordering Attorney General Cortez-Masto to appear at Defendant's trial on October 14, 2014, to proffer testimony regarding her meeting with

co-Defendant Leon Benzer about the alleged plan to stack HOA boards to obtain construction contracts. *Id*. Defendant alleges that it is necessary to subpoena Attorney General Cortez-Masto because Defendant Gillespie will be unable to elicit testimony from co-defendant Benzer and the testimony will likely show that Defendant Gillespie never intended to enter into an unlawful act, an element of her alleged offense. Defendant therefore alleges that the Attorney General's testimony may lead to evidence which could exonerate Ms. Gillespie.

## DISCUSSION

It is well settled that there is no general constitutional right to discovery in a criminal case although the prosecution has the duty under due process clause to ensure that criminal trials are fair by disclosing evidence favorable to the defendant upon request. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Federal Rule of Criminal Procedure 17(b) governs subpoenas for the attendance of witnesses for indigent defendants. Specifically, Rule 17(b) provides that:

> [u]pon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas.

Fed. R. Crim. P. 17(b).

The Ninth Circuit has held that if the accused avers facts which, if true, would be relevant to any issue in the case, the requests for subpoenas must be granted, "unless the averments are inherently incredible on their face, or unless the Government shows, either by introducing evidence or from matters already of record, that the averments are untrue or that the request is otherwise frivolous." *See United States v. Sims*, 637 F.2d 625, 627 (9th Cir. 1980); *see also U.S. v. Sohappy*, 770 F.2d 816, 825 (9th Cir. 1985) (finding that the lack of statements regarding the specific content of the expected testimony of the witness suggested defendant was fishing for unknown evidence). Although defendants are not required to disclose their theory of defense, alleging necessity in general terms is not sufficient. *See United States v. Barker*, 553 F.2d 1013, 1019-21 (6th Cir. 1977) (finding that generalities such as the testimony of the above-named persons will be necessary for an adequate defense at the trial; that the above-named persons will testify from personal knowledge concerning the facts and circumstances surrounding the alleged robbery; and that the

testimony of each of them is independently essential to an adequate defense and their testimony will not be cumulative, are insufficient to make out a satisfactory showing that the witnesses are needed).

Here, the Defendant alleges that it is necessary to subpoena Attorney General Cortez-Masto because Defendant Gillespie will be unable to elicit the testimony from o-Defendant Benzer and the testimony will likely show that Defendant Gillespie never intended to enter into an unlawful act, an element of her alleged offense. Defendant's allegations establish that the Attorney General's testimony may lead to evidence which could exonerate Ms. Gillespie. The Court therefore finds that Defendant Gillespie has averred sufficient facts to establish the necessity of the witness's presence for an adequate defense. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Edith Gillespie's Ex Parte Motion Requesting Issuance of Subpoenas Pursuant to FRCP 17(b) (#300) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue the subpoena in form with the subpoena attached to Defendant's motion (#300-1), and deliver the same to the U.S. Marshals for service.

**IT IS FURTHER ORDERED** that the U.S. Marshal's Service shall serve the respective subpoena upon the Attorney General on or before **August 4, 2014**.

DATED this 3rd day of July, 2014

*George Foley Jr.*
GEORGE FOLEY, JR.
United States Magistrate Judge

3