UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>LEON BENZER, et al.,<br><br>Defendant(s). | Case No. 2:13-CR-18 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant Edith Gillespie's (hereinafter "defendant") motion for bail pending appeal. (Doc. # 658). The government filed a response, (doc. # 681), and defendant filed a reply, (doc. # 683).

**I.     Background**

The facts of the instant case are familiar to the court and the parties. On February 25, 2015, defendant proceeded to trial on charges of conspiracy and wire fraud. On March 17, 2015, the jury found her guilty of both counts against her. (Doc. # 537).

On June 17, 2015, defendant was sentenced to 60 months per count to run concurrently, followed by three years of supervised release per count to run concurrently. (Doc. # 662). On June 17, 2015, defendant filed a notice of appeal. (Doc. # 664).

**II.     Legal Standard**

A person who has been found guilty of an offense and sentenced to a term of imprisonment should be detained pending appeal, unless the court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . . ; and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in – (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence

**James C. Mahan**
**U.S. District Judge**

to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b).

A defendant has the burden of proving that a substantial question exists. *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985). A substantial question is one that is "fairly debatable" or "fairly doubtful." *Id.*

The defendant "need not, under *Handy*, present an appeal that will likely be successful, only a non-frivolous issue that, if decided in the defendant's favor, would likely result in reversal or could satisfy one of the other conditions." *United States v. Garcia*, 340 F.3d 1013, 1021 n.5 s(9th Cir. 2003).

### III. Discussion

The parties agree that defendant is not a flight risk or a danger to the community. Accordingly, the remaining question before the court is whether the appeal raises a substantial question of law or fact such that reversal is likely. 18 U.S.C. § 3143(b)(1)(B).

Defendant's motion identifies two issues to be raised on appeal. The court will address the parties' arguments as to each issue in turn, to determine whether defendant has shown a substantial question that is likely to result in reversal on appeal.

*a. Preindictment delay*

Defendant first states that on appeal, she will seek disclosure of a Department of Justice public integrity investigation file ("PIN file"). This report purportedly details a government investigation that resulted in disqualification of the United States Attorney's Office for the District of Nevada from this case. (Doc. # 658).

According to defendant, the PIN file will show whether there was any misconduct that caused a prejudicial delay in the government bringing the indictment against her in this case. She notes that she was "forced to defend herself against 3.5 million pages of discovery involving conduct that was in close to a decade before." (Doc. # 658).

To establish a due process violation based on preindictment delay, a defendant must prove: (1) that she suffered actual, non-speculative prejudice; and (2) that the length of the delay, when balanced against the reasons for the delay, offends those "fundamental conceptions of justice

James C. Mahan
U.S. District Judge

- 2 -

which lie at the base of our civil and political institutions." *United States v. Sherlock*, 962 F.2d 1349, 1353-54 (9th Cir. 1989) (citing *United States v. Lovasco*, 431 U.S. 783, 790 (1977)).

Defendant fails to present an issue that would likely result in reversal of her conviction. Defendant raised an identical argument in moving to compel production of the PIN file before trial. (Doc. # 155). The court denied the motion because defendant did not show that the evidence would be material to her defense. (Doc. # 201). The same reasoning necessitates denial of the instant motion as to this issue.

Moreover, the court denied defendant's motion to dismiss for preindictment delay on the grounds that defendant failed to show prejudice. (Doc. # 282). In the instant motion, defendant suggests that the volume of discovery and length of time between the conduct at issue and trial prejudiced her. However, "[g]eneralized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice." *United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995).

Further, "to prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time." *Lovasco*, 431 U.S. at 796; *United States v. Moran*, 759 F.2d 777, 782 (9th Cir. 1985) (citing *Lovasco* for this proposition). Defendant fails to present arguments that would present a viable basis for the court of appeals to find preindictment delay supporting reversal.[1]

For the foregoing reasons, defendant has not met her burden of showing that a decision in her favor on the issue of preindictment delay would result in reversal of her conviction. Accordingly, the court finds that bail pending appeal is not warranted on these grounds. The court will now address defendant's second appeal argument regarding sufficiency of the evidence.

. . .

. . .

---

[1] The government also argues, and defendant disputes, that defendant "waived her argument that she needs to review the PIN file in order to present a defense." (Doc. # 681). The government relies on an email from defense counsel stating that he would not stipulate to a protective order allowing limited defense access to the PIN file because he did "not intend to review the protective docs." (Doc. # 681). Because the court finds that defendant fails to raise a substantial question as to preindictment delay for the reasons above, the court will not address the government's waiver argument.

**James C. Mahan**
**U.S. District Judge**

- 3 -

   b. *Sufficiency of the evidence*

Defendant next states that on appeal, she will raise the sufficiency of the evidence issue that she argued in her motion for acquittal before this court. Defendant takes issue with the fact that the witnesses who testified against her were "faced with their own independent fraudulent conduct." She reasons that the strongest witnesses against her were a notary and a loan officer, both of whom admitted to having committed fraud related to defendant's loan application. (Doc. # 658).

In reviewing the sufficiency of the evidence, courts must view the evidence in the light most favorable to the prosecution to determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Inzunza*, 638 F.3d 1006, 1013 (9th Cir. 2009) (emphasis in original) (quotation marks and citations omitted). "[I]t is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." *United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002).

Defendant does not raise a question as to sufficiency of the evidence that would likely result in reversal. In denying defendant's motion for a judgment of acquittal, the court found that the evidence at trial was sufficient to sustain defendant's convictions as to the conspiracy and wire fraud charges against her.

Defendant does not present any new arguments in the instant motion as to why the evidence against her was insufficient. Based on the foregoing legal standard, courts reviewing the sufficiency of the evidence must defer to the jury's determination of witness credibility and construe the evidence in favor of the prosecution. *See Inzunza*, 638 F.3d at 1013; *Alarcon-Simi*, 300 F.3d at 1176.

Defendant's sole basis for her sufficiency of the evidence theory on appeal is that the witnesses against her were not credible. According to Ninth Circuit case law above, this is not a viable basis for reversal of a jury's verdict. For this reason, defendant has not met her burden of proving that a substantial question exists. The court will therefore deny defendant's motion for bail pending appeal.

**James C. Mahan**
**U.S. District Judge**

IV.     Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for bail pending appeal, (doc. # 658), be, and the same hereby is, DENIED.

DATED July 14, 2015.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge