James C. Mahan
U.S. District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:13-CR-18 JCM (GWF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| LEON BENZER, et al., | |
| Defendant(s). | |

Presently before the court is petitioner Edith Gillespie's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 835).

Also before the court is petitioner's motion for leave to file supplemental points and authorities. (ECF No. 836).

**I.  Facts**

On January 15, 2013, the government filed an indictment charging the petitioner with one count of conspiracy in violation of 18 U.S.C. § 1349 and fourteen counts of wire fraud in violation of 18 U.S.C. § 1343. (ECF No. 1). In March 2015, the court held a fifteen-day jury trial. *See* (ECF No. 537). The jury returned a guilty verdict for one count of conspiracy and one count of wire fraud. *Id*.

On June 17, 2015, the court sentenced petitioner to sixty (60) months of custody per count to run concurrently followed by three (3) years of supervised release to run concurrently. (ECF No. 740). On August 14, 2015, the court entered judgment. *Id*. Petitioner appealed and, on March 23, 2018, the Ninth Circuit affirmed the judgment. (ECF No. 823).

. . .

. . .

## II. Legal Standard

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Relief pursuant to § 2255 should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## III. Discussion

As a preliminary matter, the court will grant petitioner's motion for leave to file supplemental points and authorities as they provide legal arguments and authorities in support of petitioner's § 2255 motion.

Petitioner argues that the court should vacate her sentence based on two grounds: (1) ineffective assistance of trial counsel and (2) ineffective assistance of appeal counsel. (ECF No. 835).

### a. Procedural default

When a defendant fails to raise a legal argument on direct appeal, the "procedural default" rule applies to bar collateral review under § 2255. *Massaro v. United States*, 538 U.S. 500, 504 (2003). The two noted exceptions to this rule are when a defendant can show both cause and prejudice, *id.*, or "actual innocence." *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003).

To demonstrate cause, a defendant must show "that some objective factor external to the defense impeded [his] efforts to raise the [barred] claim. . . . Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotations omitted). To

James C. Mahan
U.S. District Judge

- 2 -

demonstrate prejudice, a defendant must show "a reasonable probability that his conviction or sentence would have been different." *United States v. Lopez*, 577 F.3d 1053, 1060 (9th Cir. 2009) (quoting *Stickler v. Green*, 527 U.S. 263, 296 (1999)). If defendant cannot demonstrate cause and prejudice, the defendant must prove "actual innocence," meaning "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Ineffective assistance of appellate counsel can constitute the cause required to establish procedural default. *Murray v. Carrier*, 477 U.S. 478, 488-92 (1986). However, "appellate counsel's failure to raise issues on direct appeal does not constitute ineffective assistance when appeal would not have provided grounds for reversal." *Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir. 2001). Appellate counsel has "no constitutional duty to raise every non frivolous issue requested by a petitioner." *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). "[W]eeding out weaker issues . . . is widely recognized as one of the hallmarks of effective appellate assistance." *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989).

Here, appellate counsel raised two claims of error, as pertaining to petitioner, on appeal. Focusing on these claims was a reasonable tactical decision. *See id.* The additional claims that petitioner argues her appellate counsel should have made[1] were frivolous and would have detracted from the already-weak claims on appeal. Therefore, petitioner has not established cause and prejudice to excuse her procedural default. Further, petitioner's motion does not point to any evidence suggesting that she has a viable claim of actual innocence. Accordingly, all of petitioner's claims that she did not raise at the appellate level (petitioner's first grounds in support of her § 2255 motion) are barred. *See Massaro*, 538 U.S. at 504

    b. *Ineffective assistance of appellate counsel*

To prevail on a claim of ineffective assistance of counsel, a movant must show deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

"First, the defendant must show that counsel's performance was deficient." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "A fair

---

[1] The court discusses these claims in more detail in discussion section (b).

**James C. Mahan**
**U.S. District Judge**

- 3 -

assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . ." *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. To establish deficient performance, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

"Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* at 694.

Petitioner alleges that she received ineffective assistance of counsel because her appellate counsel failed to challenge the prosecutor's alleged acts of vouching. (ECF Nos. 835, 836). Petitioner specifically alleges that her appellate counsel should have challenged the government's closing statement, in which the prosecutor stated that (1) the prosecutors, FBI agents, members with the Las Vegas Metropolitan Police Department, and the trial judge were monitoring the truthfulness of the prosecution's witnesses, and (2) the trial judge had the power to penalize the prosecution's witness. (ECF No. 836).

Vouching consists of "either placing the prestige of the government behind the witnesses through personal assurances of their veracity or suggesting that information not presented to the jury supports the witnesses' testimony." *United States v. Molina*, 934 F.2d 1440, 1445 (9th Cir. 1991); *see also United States. v. Wright*, 625 F.3d 583, 610 (9th Cir. 2010).

Having reviewed the record, the court finds no support for petitioner's characterization of the government's closing statement. The government did not provide any personal assurances regarding the veracity of the witnesses. *See* (ECF No. 593). The government also did not refer to information not presented to the jury in support of the witnesses' testimony. *See id*. Rather, the

statements at issue merely emphasized the procedural safeguards of the trial process. Thus, the statements were not improper as a matter of law.

In light of the foregoing, petitioner's appellate counsel did not engage in deficient or prejudicial representation by refusing to challenge the government's closing statement. Accordingly, because petitioner has failed to show that her sentence is unconstitutional, the court will deny petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

   *c. Certificate of appealability*

The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)
>
>> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>>
>>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>>
>>> (B) the final order in a proceeding under section 2255.
>>
>> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>>
>> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a

substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court holds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. *See id.* Accordingly, the court declines to issue a certificate of appealability.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 835) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that petitioner's motion for leave to file supplemental points and authorities (ECF No. 836) be, and the same hereby is, GRANTED.

The clerk is directed to enter a separate civil judgment denying petitioner's § 2255 motion in the matter of *Gillespie v. United States*, case number 2:18-cv-00801-JCM.

DATED February 5, 2019.

_____
UNITED STATES DISTRICT JUDGE